THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: July 25, 2018



G. Michael Halfenger
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

    Kristi Anne Groth,                        Case No. 17-30264-GMH

              Debtor.                                Chapter 13

### DECISION AND ORDER
### SUSTAINING TRUSTEE'S OBJECTION TO CONFIRMATION

Kristi Groth is an above-median-income chapter 13 debtor. CM-ECF Doc. No. 20. She owns a house at 4178 South 14th Street, Milwaukee, Wisconsin. CM-ECF Doc. No. 1 at 10. Her ownership of the residence requires her to pay monthly homeowners' association dues of $285. CM-ECF Doc. No. 1 at 34; Doc. No. 26 at 3–4.

Groth proposes a chapter 13 plan that pays nothing to unsecured creditors. CM-ECF Doc. No. 2 at 4. She justifies this penurious plan by reporting her monthly net disposable income as $18.25. CM-ECF Doc. No. 20 at 10. In calculating that amount Groth deducts her $285-per-month homeowners'-association dues from her current monthly income as a "special circumstance." *Id.*

The trustee objected to confirmation. CM-ECF Doc. No. 19. Disputing Groth's

homeowners'-association expense deduction, the trustee contends that Groth's plan does not commit all of Groth's projected disposable income to pay unsecured creditors. *Id.* The trustee estimates that if the court disallows Groth's $285-per-month homeowners'-association dues as a special circumstance, then Groth cannot confirm a plan consistent with §1325(b)'s disposable income requirement unless the plan pays approximately $14,680 to non-priority, unsecured creditors. CM-ECF Doc. No. 25 at 2.

I

Section 1325(b)(1)(B) prohibits confirmation of a chapter 13 plan over the trustee's objection if the debtor is not committing all of her "projected disposable income" to pay unsecured creditors. 11 U.S.C. §1325(b)(1)(B). "'[D]isposable income' means current monthly income received by the debtor . . . less amounts reasonably necessary to be expended . . . for the maintenance or support of the debtor or a dependent of the debtor". 11 U.S.C. §1325(b)(2)(A)(i). For an above-median-income debtor, like Groth, "amounts reasonably necessary to be expended" are "determined in accordance with subparagraphs (A) and (B) of section 707(b)(2)". 11 U.S.C. §1325(b)(3).

Subparagraph (A) of §707(b)(2) states that the monthly expenses a debtor may deduct from her current monthly income are those authorized by the Internal Revenue Service for the area in which the debtor resides, stating in relevant part:

> The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides[.]

11 U.S.C. §707(b)(2)(A)(ii)(I). See also *In re Uhlig*, 504 B.R. 916, 920 (Bankr. E.D. Wis. 2014) ("The local and national standards are set amounts determined to be reasonable, absent special circumstances, and individual variation—however objectively reasonable or unreasonable—is ignored."). Subparagraph (B) of §707(b)(2) allows a debtor to reduce her current monthly income further if she can demonstrate "special

circumstances that justify additional expense[]" deductions. 11 U.S.C. §707(b)(2)(B)(i).

II

Groth argues that her need to pay homeowners'-association dues qualifies as a special circumstance, and, as a result, she is entitled to reduce her current monthly income by the amount required to pay that expense. If Groth establishes that special circumstances exist, then she must demonstrate that those special circumstances "justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative." 11 U.S.C. §707(b)(2)(B)(i).

Groth's need to pay homeowners'-association dues is an unlikely candidate for special circumstances under §707(b)(2)(B)(i). Although the Bankruptcy Code does not define "special circumstances", it give two examples—"a serious medical condition or a call or order to active duty in the Armed Forces". *Id.* While these examples are not exclusive, they are instructive. The Supreme Court has directed that in interpreting statutes courts should be mindful that "a word is known by the company it keeps. While not an inescapable rule, this canon is often wisely applied where a word is capable of many meanings in order to avoid the giving of unintended breadth to the Acts of Congress." *McDonnell v. United States*, 136 S. Ct. 2355, 2368 (2016) (internal quotations omitted) (citations omitted). See also ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 195–98 (2012).

Groth, who bears the burden to establish special circumstances, makes no attempt to show that her general financial circumstances are in any way special—that those circumstances are unusual or unlike a typical above-median debtor. Nor does she make any effort to demonstrate that her specific choice to own and live in a home that requires homeowners'-association dues is somehow special, unique, or atypical.

That's unsurprising: homeowners'-association dues aren't special, unique, or atypical. As Groth acknowledges, homeowners'-association dues are indistinguishable for purposes of expense deductions from condominium-association dues. CM-ECF Doc.

No. 26 at 1 n.1. In fact, homeowners'- and condominium-association dues are common enough that the Department of Housing and Urban Development website advises potential first-time homebuyers that, in addition to mortgage payments and utility payments, they "might have homeowner association or condo association dues." *Common Questions from First-time Homebuyers*, HUD.GOV, https://www.hud.gov/topics/ common_questions (last visited July 24, 2018). Groth's need to pay homeowners'- association dues is thus not a special circumstance, especially one on par with a serious medical condition or active military duty.

Homeowners'-association dues might qualify as a special circumstance expense deductible under §707(b)(2)(B)(i) in certain circumstances. Consider, for example, a disabled debtor whose disability requires her to live in a residence that carries atypically high homeowners'-association dues. This hypothetical debtor might be able to establish special circumstances entitling her to deduct some portion of those dues. Groth, however, has made no similar showing.

Groth argues only that she has no "reasonable alternative" to paying her homeowners'-association dues. CM-ECF Doc. No. 26 at 3–4. This misunderstands §707(b)(2)(B)(i)'s requirements. That subsection allows "additional expenses . . . for which there is no reasonable alternative" only "to the extent . . . special circumstances . . . justify" those unavoidable additional expenses. 11 U.S.C. §707(b)(2)(B)(i). Groth has not shown that her homeowners'-association dues are justified by special circumstances; accordingly, her lack of a reasonable alternative to paying those dues is an insufficient basis on which to allow her to deduct them.

### III

The trustee's objection to confirmation is sustained. The debtor must file an amended Form 122C-2 and chapter 13 plan by no later than August 24, 2018.

#####